UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KELVEN LEWIS,

            Plaintiff,                  Case No. 1:13-CV-995

v.                                          Honorable Robert Holmes Bell

STATE OF OKINAWA, JAPAN et al.,

            Defendants.
_____/

**OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff is presently incarcerated at the Carson City Correctional Facility, although the events he complains of took place when he was incarcerated in correctional facilities in Japan. Plaintiff sues Inspector Detective (Unknown) Kietts of the Ishikawa Police Department. Additionally, Plaintiff sues the following Yokosuka Prison personnel: Warden (Unknown) Otsuka, Custody Chief (Unknown) Takaoka and Section Chief (Unknown) Tanzawa. Finally, Plaintiff sues Public Prosecutor (Unknown) Ishyll.

On September 10, 2013, Plaintiff filed a civil rights complaint (docket #1). Because Plaintiff did not submit his complaint on the required form, *see* W.D. Mich. LCivR 5.6(a), on October 8, 2013, the Court issued an order (docket #8) instructing the Clerk's office to send Plaintiff a copy of the complaint form and directing Plaintiff to use the form and file an amended complaint. On October 17, 2013, Plaintiff filed his amended complaint (docket #9).

In his amended complaint, Plaintiff brings the following claims against Defendant Kietts stemming from events that he does not describe that occurred from January 15, 1985 to February 22, 1985: (1) mistaken identity; (2) false arrest; (3) coerced statement; (4) no warning of *Miranda* rights; (5) violations of Status of Forces Agreement Treaty rights.

Additionally, Plaintiff brings the following claims against Defendants Otsuka, Takaoka and Tanzawa stemming from events that he does not describe that occurred from February 18, 1988 to May 9, 2001: (1) false incarceration; (2) Status of Forces Agreement Treaty rights violations.

Finally, Plaintiff brings the following claims against Defendant Ishyll stemming from events that he does not describe that occurred from January 15, 1985 to June 19, 1986: (1) false conviction and imprisonment; (2) prosecutorial misconduct; (3) withholding exculpatory evidence; (4) coercion; (5) Status of Forces Agreement Treaty rights violations.

For the reasons set forth below, Plaintiff fails to state any claims upon which relief can be granted. Consequently, the Court will dismiss Plaintiff's complaint.

## Discussion

### I. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Absence of Factual Allegations

Even assuming that foreign officers are subject to suit under § 1983, Plaintiff's amended complaint does not contain a single factual allegation against any of the Defendants. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"). Because Plaintiff's claims fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain

statement of the claim showing that the pleader is entitled to relief"), his complaint must be dismissed against all Defendants.

### B. Plaintiff's claims are barred by *Heck*

Plaintiff appears to seek money damages for claims relating to his arrest, conviction and incarceration for an unknown crime. To the extent Plaintiff seeks injunctive, declaratory and monetary relief for alleged violations of Constitutional rights, his claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). Therefore, to the extent that Plaintiff seeks to allege Constitutional claims that call into question the validity of his conviction, his action is barred under *Heck* until his criminal conviction has been invalidated.

### C. Status of Forces Agreement

Plaintiff alleges violations of his rights under the Agreement Between the Parties to the North Atlantic Treaty Regarding the Status of their Forces, June 19, 1951, 4 U.S.T. 1792 (SOFA). SOFA is an agreement whereby the parties to the North Atlantic Treaty agreed to define the status of military forces of one country while in the territory of another country. 1953 WL 44517 (U.S. Treaty), *1. Article VII of the SOFA sets forth a number of provisions regarding whether the sending or receiving country has the right to exercise jurisdiction over criminal offenses by military personnel. SOFA does not describe any individual rights. It is not at all clear that Plaintiff can bring a claim under § 1983 for violation of SOFA provisions.

### **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated: October 30, 2013 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE